UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**GLENN D. ODOM, II**                                                             **PETITIONER**

v.                                                    **CIVIL ACTION NO. 5:12CV-134-R**

**SKYLA GRIEF** *et al.*                                          **RESPONDENTS**

**MEMORANDUM OPINION**

The Petitioner, Glenn D. Odom, II, initiated this action by filing a document styled "Emergency Writ of Mandamus and/or Prohibition Petition Pursuant to 5 U.S.C. § 706 § 551 (13)." Therein, Petitioner states that since March 2012, he "has experienced an excessive amount of harassment and retaliation for filing complaints." He represents that he is no longer allowed to file grievances in the institution where he is incarcerated, that the program director and law librarian repeatedly refuse his requests to make copies of legal materials and his legal papers, that the mailroom supervisor opens his clearly marked legal mail, that documents he submits for copying are returned disheveled or not returned at all, and that the mailroom refuses to log his outgoing legal mail. Petitioner contends that because of these actions by Respondents "all his pending cases will be dismissed and three (3) state actions and one (1) board of claims has already been dismissed."

Historically, a writ of mandamus was issued to mandate action and a writ of prohibition to prohibit action. *In re Sch. Asbestos Litig.*, 921 F.2d 1310, 1313 (3d Cir. 1991). However, "modern courts have shown little concern for the technical and historic differences between the two writs." *Id*. The form used in seeking the writ is not as important as "the substantive question [of] whether an extraordinary remedy is available." *In re Davis*, 730 F.2d 176, 181 (5th Cir. 1984).

The writ power of the courts is "so extreme, courts should invoke it only 'in extraordinary situations.'" *In re Sch. Asbestos Litig.*, 921 F.2d at 1313 (quoting *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976)); *see also In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002) ("A writ of prohibition is a drastic and extraordinary remedy" that should be used "only in exceptional circumstances.") (citations and quotations omitted); *Califano v. Moynahan*, 596 F.2d 1320 (6th Cir. 1979) ("The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations.") (citations omitted).  In order to ensure that such writs are used only in extraordinary circumstances, "the Supreme Court has established two prerequisites to the issuance of a writ: (1) that the petitioner have no other 'adequate means to attain the [desired] relief,' and (2) that the petitioner meet its burden of showing that its right to the writ is 'clear and indisputable.'"  *In re Sch. Asbestos Litig.*, 921 F.2d at 1314 (quoting *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. at 403); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus . . . is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."); *In re Davis*, 730 F.2d at 181 ("In general, the petitioner seeking such an order must show that no other adequate means exists to attain the requested relief and that his right to issuance of the writ is 'clear and indisputable.'") (citations omitted).

Here, Petitioner has failed to demonstrate extraordinary circumstances or that there is no other adequate means to attain the relief he desires.  Petitioner correctly notes that he has a pending civil action in this Court (No. 5:12CV-P73-R).  In case number 5:12CV-P73-R, Petitioner brings a 42 U.S.C. § 1983 civil rights action and makes many of the same arguments he makes in the present action requesting a writ of mandamus and/or prohibition.  Furthermore,

2

in that case, the Court recently entered an order allowing Petitioner additional time to file a fully completed amended complaint to include all of his claims and defendants prior to the Court performing its initial review of the case. Petitioner clearly has other adequate means to obtain the relief he seeks. Additionally, if Petitioner believes that other court cases in which he is involved are being detrimentally affected by the alleged wrongful actions of Respondents, he may seek relief from the courts in which those cases are pending. Moreover, Petitioner has failed to show that a writ of mandamus or prohibition filed in state court is not an available avenue of relief.

      For the foregoing reasons, the instant action will be dismissed for failure to demonstrate extraordinary circumstances warranting mandamus or prohibition relief. The Court will enter a separate Order of dismissal.

Date:

cc:    Petitioner, *pro se*
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.003